## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JIM SNODDY, individually and on behalf of all others similarly situated,<br><br>v.<br><br>PROFESSIONAL DIRECTIONAL ENTERPRISES, INC. | C.A. No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS AND COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  SUMMARY

1. Jim Snoddy (Snoddy) brings this lawsuit to recover unpaid overtime wages and other damages from Professional Directional Enterprises, Inc. (ProDirectional) under the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act (NMMWA).

2. Snoddy worked for ProDirectional as a Directional Drilling Supervisor during the relevant time period.

3. Snoddy regularly worked for ProDirectional in excess of forty (40) hours each week.

4. Snoddy did not receive overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead, ProDirectional improperly classified Snoddy as exempt from the overtime requirements.

6. ProDirectional paid Snoddy a purported salary and additional compensation, such as a day rate and other compensation under the guise of reimbursements.

7. Because of ProDirectional's improper deductions from Snoddy's purported salary and/or the total compensation not being reasonably related to the purported salary, ProDirectional's purported salary fails the salary basis test.

8. As a result of ProDirectional's purported salary failing the salary basis test, ProDirectional cannot apply any white-collar exemptions to Snoddy.

9. Considering these facts, ProDirectional misclassified Snoddy as exempt.

10. Snoddy is entitled to overtime, attorney's fees, and costs.

11. Snoddy brings this claim on behalf of himself and all ProDirectional employees paid a purported salary and day rate (Putative Class Members).

## II. JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

13. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant is incorporated in this District.

## III. THE PARTIES

15. Snoddy worked for ProDirectional as Directional Drilling Supervisor from approximately October 2017 through February 2020.

16. Snoddy worked for ProDirectional throughout Texas and New Mexico. For example, Snoddy worked for ProDirectional near Midland, Texas and near Jal, New Mexico.

17. Snoddy's consent to be a party Plaintiff is attached as Exhibit A.

18. Snoddy brings this action on behalf of himself and all other similarly situated workers who were paid a purported salary and a day rate. ProDirectional misclassified the Putative Class Members under the FLSA and NMMWA.

19. The class of similarly situated employees or putative class members sought to be

certified is defined as follows:

> **All current and former employees of ProDirectional who were paid a purported salary and a day rate during the last three years.** (FLSA Class Members).

20. Snoddy also seeks class certification of such a class under FED. R. CIV. P. 23 under the NMMWA, as follows:

> **All current and former employees of ProDirectional who were paid a purported salary and a day rate in New Mexico during the last three years.** (New Mexico Class Members).

21. Collectively, the FLSA Class Members and New Mexico Class Members are referred to as the Putative Class Members.

22. Defendant Professional Directional Enterprises, Inc. is a Delaware corporation headquartered in Texas and doing business throughout the United States. ProDirectional may be served at National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801, or wherever it may be found.

### IV. COVERAGE UNDER THE FLSA

23. At all times hereinafter mentioned, ProDirectional has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, ProDirectional has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, ProDirectional has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce by any person and in that ProDirectional has had and

has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Snoddy and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

27. ProDirectional provides horizontal and directional drilling services to oil and gas operators throughout the United States.

28. To provide services to their clients, ProDirectional employs oilfield personnel.

29. Many of the individuals who worked for ProDirectional, were paid a purported salary and day rate, misclassified as exempt employees, and make up the proposed Putative Class.

30. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees, regardless of the number of hours that they worked that day (or in that workweek), did not receive overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

31. For example, Snoddy worked for ProDirectional as an operator during the relevant time period. Throughout his employment with ProDirectional, he was classified as an exempt employee and paid a purported salary plus a day rate with additional compensation disguised as reimbursements with no overtime compensation.

32. As a Directional Drilling Supervisor, Snoddy regularly worked more than 40 hours each week without receiving overtime compensation.

33. Generally, Snoddy estimates he regularly worked over seventy hours each week.

34. As a Directional Drilling Supervisor, Snoddy performed non-exempt job duties including applying procedures developed by Defendant or its customers and completing daily reports.

35. The job functions of Snoddy and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

36. Snoddy and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

37. Snoddy and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

38. Snoddy and the Putative Class Members all regularly worked more than 40 hours in a week.

39. The work Snoddy performed was an essential and integral part of ProDirectional's core business of completing oil and gas wells.

40. Being an oilfield employee for ProDirectional does not require specialized academic training as a standard prerequisite.

41. For example, Snoddy does not have any advanced degree.

42. To the extent the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

43. Instead, the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

44. The Putative Class Members are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

45. With these job duties, Snoddy and the Putative Class Members are clearly non-exempt employees under the FLSA and NMMWA.

46. ProDirectional does not pay the Putative Class Members overtime for hours worked in excess of 40 in a single workweek.

47. Instead, ProDirectional pays these workers a purported base salary plus a daily rate for each day worked in the field. This day rate is not overtime pay, but rather a lump sum payment that must be included in the Putative Class Members' regular rates of pay.

48. The additional compensation ProDirectional paid Snoddy and the Putative Class Members is not reasonably related to their purported salary.

49. ProDirectional's purported salary plan does not comply with the FLSA's reasonable relationship requirements.

50. Snoddy and the Putative Class Members worked for ProDirectional in the past three years throughout the United States, including in New Mexico.

51. As a result of ProDirectional's pay policies, Snoddy and the Putative Class Members were denied the overtime pay required by federal and New Mexico law, because these workers are, for all purposes, employees performing non-exempt job duties.

52. ProDirectional keeps accurate records of the hours, or at least the days, its employees work.

53. ProDirectional also keeps accurate records of the amount of pay its employees receive.

54. Because Snoddy (and ProDirectional's other employees) were misclassified as exempt employees by ProDirectional, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## VI.   FLSA VIOLATIONS

55. As set forth herein, ProDirectional has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty

(40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

56. ProDirectional knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Snoddy and the Putative Class Members overtime compensation. ProDirectional's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

57. Accordingly, Snoddy and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. NMMWA VIOLATIONS

58. Snoddy brings this claim under the NMMWA as a Rule 23 class action.

59. The conduct alleged violates the NMMWA.

60. At all relevant times, ProDirectional was subject to the requirements of the NMMWA.

61. At all relevant times, ProDirectional employed Snoddy and each class member with New Mexico state law claims as an "employee" within the meaning of the NMMWA.

62. The NMMWA requires employers like ProDirectional to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Snoddy and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

63. ProDirectional has and has had a policy and practice of misclassifying Snoddy and the New Mexico Class Members as exempt employees and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

64. Snoddy and the New Mexico Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek,

prejudgment and postjudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

65. The improper pay practices at issue were part of a continuing course of conduct, entitling Snoddy and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

66. Snoddy and the New Mexico Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by ProDirectional, as provided by the NMMWA.

67. The improper pay practices at issue were part of a continuing course of conduct, entitling Snoddy and the New Mexico Class members to recover for all such violations, regardless of the date they occurred.

## VIII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

68. Snoddy incorporates all previous paragraphs and alleges that the illegal pay practices ProDirectional imposed on Snoddy were likewise imposed on the Putative Class Members.

69. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

70. Numerous other individuals who worked with Snoddy indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

71. Based on his experiences and tenure with ProDirectional, Snoddy is aware that ProDirectional's illegal practices were imposed on the Putative Class Members.

72. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

73. ProDirectional's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

74. Snoddy's experiences are therefore typical of the experiences of the Putative Class Members.

75. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

76. Snoddy has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Snoddy has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

77. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

78. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and ProDirectional will reap the unjust benefits of violating the FLSA and applicable state labor laws.

79. Furthermore, even if some of the Putative Class Members could afford individual litigation against ProDirectional, it would be unduly burdensome to the judicial system.

80. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

81. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether ProDirectional employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and NMMWA;

    b.    Whether the Putative Class Members were improperly misclassified as exempt employees;

    c.    Whether ProDirectional's decision to classify the Putative Class Members as exempt employees was made in good faith;

    d.    Whether ProDirectional's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

    e.    Whether ProDirectional's violation of the FLSA was willful; and

    f.    Whether ProDirectional's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

82.    Snoddy's claims are typical of the claims of the Putative Class Members. Snoddy and the Putative Class Members sustained damages arising out of ProDirectional's illegal and uniform employment policy.

83.    Snoddy knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

84.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### IX.    JURY DEMAND

85.    Snoddy demands a trial by jury.

### X.    RELIEF SOUGHT

86.    WHEREFORE, Snoddy prays for judgment against ProDirectional as follows:

    a.    An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order pursuant to Section 16(b) of the FLSA finding ProDirectional liable for unpaid back wages due to Snoddy and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

    c.    For an Order designating the New Mexico class as a class action pursuant to Fed. R. Civ. P. 23;

    d.    For an Order appointing Snoddy and his counsel as Class Counsel to represent the interests of the both the federal and state law classes;

    e.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    f.    For an Order granting such other and further relief as may be necessary and appropriate.

Dated: January 25, 2022

Of Counsel:

Michael A. Josephson
Andrew W. Dunlap
Carl A. Fitz
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

Richard J. (Rex) Burch
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Sue L. Robinson (Bar No. 100658)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St.
12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
srobinson@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*